**ORIGINAL**

FILED
08 APR 28 PM 1:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  OSWALD & YAP LLP
   Michael A. Oswald, Esq. (SBN 87299)
2  Jay Y. Chiu, Esq. (SBN 235728)
   16148 Sand Canyon Avenue
3  Irvine, California 92618
   Telephone: (949) 788-8900
4  Telecopier: (949) 788-8980
   email: mao@oswald-yap.com
5
   Attorneys for Defendant/Counterclaimant
6  WEST COAST DEALS, INC.

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SPY OPTIC, INC., a California corporation,<br>12<br>13            Plaintiff,<br>14  v.<br>15  WEST COAST DEALS, INC., a California corporation, dba<br>16  WWW.HBSUNGLASSCOMPANY.COM; and DOES 1 through 5, inclusive,<br>17<br>18            Defendants. | CASE NO. 08-cv-0384-IEG-RBB<br><br>Judge Irma E. Gonzalez<br><br>**DEFENDANT WEST COAST DEALS, INC.'S ANSWER TO COMPLAINT,**<br><br>**AND COUNTERCLAIM TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |
| 19  WEST COAST DEALS, INC., a California corporation, dba<br>20  WWW.HBSUNGLASSCOMPANY.COM,<br>21<br>22            Counterclaimant,<br>23  v.<br>24  SPY OPTIC, INC., a California corporation, and ROES 1 through 5, inclusive,<br>25<br>26            Counterdefendants. | |

27                    **ANSWER**

28     Defendant WEST COAST DEALS, INC., doing business as

                                    1

www.hbsunglasscompany.com ("WEST COAST" and "Defendant"), by and through its attorneys of record, hereby answers the Complaint of Plaintiff SPY OPTIC, INC., ("SPY OPTIC"), as follows:

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies each and every allegation therein.

2. Defendant denies that 6292 Turnberry Circle, Huntington Beach, California is WEST COAST's principal place of business. Defendant admits the remaining allegations in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies each and every allegation therein.

4. Defendant denies the allegations in Paragraph 4 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 with respect to the other defendants, and on that basis denies each and every allegation therein.

5. Defendant denies the allegations in Paragraph 5 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 with respect to the other defendants, and on that basis denies each and every allegation therein.

6. Defendant denies the allegations in Paragraph 6 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 with respect to the other defendants, and on that basis denies each and every allegation therein.

## JURISDICTION AND VENUE

7. Defendant admits that the claims arise under the patent laws of the United States of America and that this Court has jurisdiction over all the claims.

8. Defendant denies the allegation that Defendant has committed acts of infringement in this judicial district, and admits the remaining allegations.

## BACKGROUND OF THE CONTROVERSY

9. With respect to the allegations of Paragraph 9, Defendant admits that United States Patent No. D534,573 (the "'573 Patent") was entitled "Sunglass" and issued on January 2, 2007, and that a true copy of the '573 Patent is attached to the Complaint as Exhibit 1. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '573 Patent, that the '573 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 9.

10. With respect to the allegations of Paragraph 10, Defendant admits that United States Patent No. D557,731 (the "'731 Patent") was entitled "Sunglass" and issued on December 18, 2007, and that a true copy of the '731 Patent is attached to the Complaint as Exhibit 2. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '731 Patent, that the '731 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 10.

11. With respect to the allegations of Paragraph 11, Defendant admits that United States Patent No. D557,730 (the "'730 Patent") was entitled "Sunglass" and issued on December 18, 2007, and that a true copy of the '730 Patent is attached to the Complaint as Exhibit 3. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '730 Patent, that the '573 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

///

08CV0384 IEG RBB

## FIRST CLAIM FOR RELIEF

13. Defendant incorporates herein by reference the responses in Paragraphs 1 through 12 above in response to Paragraph 13 of the Complaint.

14. With respect to the allegations of Paragraph 14, Defendant admits that the '573 Patent was entitled "Sunglass" and issued on January 2, 2007, and that a true copy of the '573 Patent is attached to the Complaint as Exhibit 1. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '573 Patent, that the '573 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 with respect to the other defendants, and on that basis denies each and every allegation.

16. Defendant denies the allegations in Paragraph 16 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 with respect to the other defendants, and on that basis denies each and every allegation.

17. Defendant denies the allegations in Paragraph 17 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 with respect to the other defendants, and on that basis denies each and every allegation.

18. Defendant denies the allegations in Paragraph 18 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 with respect to the other defendants, and on that basis denies each and every allegation.

19. Defendant denies the allegations in Paragraph 19 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a

DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM          08CV0384 IEG RBB
99032.1

belief as to the truth of the allegations contained in Paragraph 19 with respect to the other defendants, and on that basis denies each and every allegation.

## SECOND CLAIM FOR RELIEF

20. Defendant incorporates herein by reference the responses in Paragraphs 1 through 19 above in response to paragraph 20 of the Complaint.

21. With respect to the allegations of Paragraph 21, Defendant admits that the '731 Patent was entitled "Sunglass" and issued on December 18, 2007, and that a true copy of the '731 Patent is attached to the Complaint as Exhibit 2. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '731 Patent, that the '731 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 21.

22. Defendant denies the allegations in Paragraph 22 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 with respect to the other defendants, and on that basis denies each and every allegation.

23. Defendant denies the allegations in Paragraph 23 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 with respect to the other defendants, and on that basis denies each and every allegation.

24. Defendant denies the allegations in Paragraph 24 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 with respect to the other defendants, and on that basis denies each and every allegation.

25. Defendant denies the allegations in Paragraph 25 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 with respect to the other defendants, and on that basis denies each and every allegation.

26. Defendant denies the allegations in Paragraph 26 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 with respect to the other defendants, and on that basis denies each and every allegation.

### THIRD CLAIM FOR RELIEF

27. Defendant incorporates herein by reference the responses in Paragraphs 1 through 26 above in response to Paragraph 27 of the Complaint.

28. With respect to the allegations of Paragraph 28, Defendant admits that the '730 Patent was entitled "Sunglass" and issued on December 18, 2007, and that a true copy of the '730 Patent is attached to the Complaint as Exhibit 3. Defendant lacks sufficient information to admit or deny that Spy Optic is the owner of the '730 Patent, that the '573 Patent is valid and in full effect, and that such issue was in compliance with the statutes relative thereto and, on that basis, denies the remaining allegations of Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 with respect to the other defendants, and on that basis denies each and every allegation.

30. Defendant denies the allegations in Paragraph 30 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 with respect to the other defendants, and on that basis denies each and every allegation.

31. Defendant denies the allegations in Paragraph 31 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 with respect to the other defendants, and on that basis denies each and every allegation.

32. Defendant denies the allegations in Paragraph 32 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 32 with respect to the other defendants, and on that basis denies each and every allegation.

33. Defendant denies the allegations in Paragraph 33 with respect to WEST COAST. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 with respect to the other defendants, and on that basis denies each and every allegation.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant WEST COAST DEALS, INC., alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a first, separate and affirmative defense, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. As a second, separate and affirmative defense, upon information and belief, Defendant asserts that the '573, '731, and '730 Patents are all invalid for one or more of the reasons that:

(a) The inventor, Jerome J. M. Mage ("Mage"), did not invent the subject matter of the claims of the aforementioned patents, nor did he make or discover any invention, either novel, original or otherwise, within the meaning of the United States Code, Title 35. Upon information and belief, the inventions described in the aforementioned patents were known in the field prior to the alleged invention or more than one year before the respective earliest effective filing date of each patent;

(b) The alleged inventions were made by another in this country before Mage's alleged inventions, and such other person had not abandoned,

concealed or suppressed the alleged inventions;

(c) In light of the prior art at the time the alleged inventions were made, the subject matter thereof would have been known or obvious to one of ordinary skill in the art to which the alleged inventions respectively relate and therefore do not constitute patentable inventions;

(d) If there be any inventions in the subject matter of the aforementioned patents, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of United States Code Title 35. Upon information and belief, the claims of the aforementioned patents are invalid on the grounds that the purported inventions attempted to be patented fail to meet the conditions of patentability specified in Title 35, United States Code, including 35 U.S.C. §§ 112, 102, and/or 103.

## THIRD AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

3. As a third, separate and affirmative defense, Defendant asserts, upon information and belief, that the '573, '731, and '730 Patents are unenforceable as a result of inventor Mage's failure to satisfy his duty of disclosure to the United States Patent and Trademark Office, and/or his engaging in inequitable conduct during the prosecution of the aforementioned patents. On information and belief, Mage or others involved in the patent process failed to meet the applicable duty of candor.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4. As a fourth, separate and affirmative defense, Defendant alleges that as a result of Plaintiff's actions, conducts and/or admissions, Plaintiff knowingly and intentionally waived the rights which are alleged against this answering Defendant, and as a result, the Complaint and each and every purported cause of action set forth therein, is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. As a fifth, separate and affirmative defense, Defendant alleges that Plaintiff is barred and equitably estopped from asserting each and every purported cause of action contained in the Complaint by reason of Plaintiff's acts, omissions and conducts and that of Plaintiff's agents.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. As a sixth, separate and affirmative defense, Defendant alleges that Plaintiff is barred from recovery by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7. As a seventh, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint, and each purported causes of action contained therein, is barred by the doctrine of unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. As an eighth, separate and affirmative defense, Defendant alleges that the claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mark or Notify)

9. As a ninth, separate and affirmative defense, Defendant alleges that any damages claimed in the Complaint are barred or limited by Plaintiff's failure to properly comply with the patent marking or infringement notification requirements of Title 35 United States Code Section 287.

///

///

## TENTH AFFIRMATIVE DEFENSE
### (Noninfringement)

10. As a tenth, separate and affirmative defense, Defendant alleges that it has not infringed Plaintiff's alleged patents in the Complaint literally or under the doctrine of equivalents.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

11. As an eleventh, separate and affirmative defense, Defendant asserts that to the extent that Defendants have infringed any claim of the alleged patents held by Plaintiff, such infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12. As a twelfth, separate and affirmative defense, Defendant asserts that each cause of action alleged is barred, in whole or in part, or recovery reduced by Plaintiff's failure to take reasonable steps to mitigate the damages alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Right to Amend)

13. As a thirteenth, separate, and affirmative defense, Defendant asserts that it has insufficient knowledge or information upon which to form a belief as to whether it may have available any additional as yet unstated defenses. Defendant hereby reserves the right to assert these additional affirmative defenses in the event additional facts become known.

## COUNTERCLAIMS

Defendant and Counterclaimant, WEST COAST DEALS, INC., doing business as www.hbsunglasscompany.com ("West Coast" and "Counterclaimant") complains and alleges as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. §§1331 and 1338(a), this Court has original jurisdiction over the first counterclaim for declaratory relief of invalidity and non-infringement of patents.

## THE PARTIES

2. Counterclaimant is a California corporation with its principal place of business in Huntington Beach, California. Counterclaimant engages in selling a wide variety of sunglasses through the internet.

3. Counterclaimant is informed and believe and based thereon alleges that Counter-defendant Spy Optic, Inc. ("Counter-defendant") is a California corporation with its principal place of business in Carlsbad, California.

## FIRST COUNTERCLAIM

### (Declaratory Relief)

4. Counterclaimant incorporates by reference the allegations set forth in paragraphs 1 through 3, inclusive of this counterclaim as though set forth in full herein.

5. On or about February 29, 2008, Counter-defendant filed a Complaint against West Coast alleging that Counter-defendant is the owner of three United States patents, the United States Patent Nos. D534,573, D557,730, and D557,731 (collectively "patents-in-suit"), and that West Coast's making, using, selling, importing, distributing and/or offering for sale of products infringed the patents-in-suit.

6. An actual, justiciable controversy exists between the parties with respect to the alleged infringement of the patents-in-suit. Counterclaimant
11

1  contends that it had not infringed and are not now infringing any claims of the
2  patents-in-suit, either directly, contributorily, or through inducement.
3       7.   Furthermore, an actual, justiciable controversy has arisen and exists
4  between the parties with respect to the validity of the patents-in-suit. Counter-
5  defendant asserts that the patents-in-suit are valid, and Counterclaimant contends
6  that those patents are invalid.
7       8.   Counterclaimant desires a judicial determination as to whether:
8       (a)   The inventor, Jerome J. M. Mage ("Mage"), did not invent the
9  subject matter of the claims of the patents-in-suit, nor did he make or discover any
10 invention, either novel, original or otherwise, within the meaning of the United
11 States Code, Title 35. The inventions described in the patents-in-suit were known
12 in the field prior to the alleged invention or more than one year before the
13 respective earliest effective filing date of each patent;
14      (b)   The alleged inventions were made by another in this country
15 before Mage's alleged inventions, and such other person had not abandoned,
16 concealed or suppressed the alleged inventions;
17      (c)   In light of the prior art at the time the alleged inventions were
18 made, the subject matter thereof would have been known or obvious to one of
19 ordinary skill in the art to which the alleged inventions respectively relate and
20 therefore do not constitute patentable inventions;
21      (d)   If there be any inventions in the subject matter of the
22 aforementioned patents, the patents nevertheless were not obtained in a manner
23 consistent with the provisions of United States Code Title 35. The claims of the
24 aforementioned patents are invalid on the grounds that the purported inventions
25 attempted to be patented fail to meet the conditions of patentability specified in
26 Title 35, United States Code, including 35 U.S.C. §§ 112, 102, and/or 103;
27      (e)   The patents-in-suit are unenforceable as a result of inventor
28 Mage's failure to satisfy his duty of disclosure to the United States Patent and

Trademark Office and/or his engaging in inequitable conduct during the prosecution of the aforementioned patents, and Mage or others involved in the patent process failed to meet the applicable duty of candor.

(f) That Counterclaimants have not made, used, offered to sell, or sold any patented invention, at issue, within the United States or imported into the United States any product that infringes on any claim of the patents-in-suit in light of the prior art, the file history, and the statements, representations, admissions, arguments, and amendments made by Counter-defendant during the prosecution of the application of the patents-in-suit.

9. A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their respective rights and duties with regards to the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant, West Coast prays for relief as follows:

1. That Plaintiff/Counter-defendant takes nothing by this action;
2. That the Court enters a declaratory judgment stating that:
   (a) The United States patents, Patent Nos. D534,573, D557,730, and D557,731 are invalid;
   (b) The United States patents, Patent Nos. D534,573, D557,730, and D557,731 are unenforceable.
   (c) Defendant/Counterclaimant did not infringe the United States patents, Patent Nos. D534,573, D557,730, and D557,731.
3. That Defendant/Counterclaimant be awarded its costs, expenses, and reasonable attorneys fees; and
4. For such other and further relief that the Court may deem just and proper.

///

| | |
|---|---|
| | Respectfully submitted, |
| | **OSWALD & YAP LLP** |
| Date: April 25, 2008 | By: _____ |
| | MICHAEL A. OSWALD |
| | JAY Y. CHIU |
| | Attorneys for Defendant WEST COAST DEALS, INC. |

1  **DEMAND FOR JURY TRIAL**

2      Defendant, WEST COAST DEALS, INC., pursuant to Rule 38, F.R.C.P.,

3  hereby demands a jury trial for all issues so triable.

4                                           **OSWALD & YAP LLP**

6  Date: April 25, 2008                    By: _____

                                                      MICHAEL A. OSWALD

7                                                        JAY Y. CHIU

                                                      Attorneys for Defendant, WEST

8                                                        COAST DEALS, INC.

DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM           08CV0384 IEG RBB

99032.1

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 16148 Sand Canyon Avenue, Irvine, CA 92618.

On April 25, 2008, at Oswald & Yap, 16148 Sand Canyon Avenue, Irvine, CA 92618, following ordinary business practices, I served a true and correct copy of the foregoing document entitled: ***DEFENDANT WEST COAST DEALS, INC.'S ANSWER TO COMPLAINT, AND COUNTERCLAIM TO COMPLAINT; DEMAND FOR JURY TRIAL*** on interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Kit M. Stetina, Esq.<br>Stephen Z. Vegh, Esq.<br>STETINA BRUNDA GARRED & BRUCKER<br>75 Enterprise, Suite 250<br>Aliso Viejo, CA 92656<br>email: litigate@stetinalaw.com<br>(949) 855-1246<br>FAX (949) 855-6371 | Attorneys for Plaintiff,<br>Spy Optic, Inc. |

( )   **BY MAIL:** I am readily familiar with Oswald & Yap's, business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Irvine, California.

( )   **BY PERSONAL SERVICE:** I caused the foregoing document(s) to be delivered by hand to the above address(es).

(X)   **BY OVERNIGHT COURIER:** I caused the foregoing document to be delivered to an overnight courier service (Federal Express) for delivery to the above address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2008, at Irvine, California.

_____
Patricia Tonti-Mace

1
PROOF OF SERVICE

99141.1